UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| ALLIANCE MARINE SERVICES, L.P. | C.A. NO. 18- |
| VERSUS | SECTION<br>JUDGE |
| DOUGLAS RYBINSKI | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Alliance Marine Services, L.P. ("Alliance Marine Services"), who seeks a Declaratory Judgment declaring that Alliance Marine Services, L.P., as a Jones Act employer, has the obligation and right to investigate Mr. Rybinski's entitlement to maintenance and cure benefits and ordering Mr. Rybinski to undergo an Independent Medical Examination ("IME") with a physician of Alliance Marine Services' choice, as follows:

I.

Alliance Marine Services is a Texas limited partnership maintaining its principal place of business in Houston, Texas, and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court.

II.

Douglas Rybinski is a person of the full age of majority and a citizen of New Hampshire, with a last known address of 90 Elm Street, Lancaster, New Hampshire, 03584.

III.

This Court has subject matter jurisdiction over this matter pursuant to the admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. §1333 and of Rule 9(h)

of the Federal Rules of Civil Procedure.

IV.

Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

V.

At all times relevant hereto, Mr. Rybinski was employed by Alliance Marine Services as a cargo supervisor aboard the M/V TURRITELLA.

VI.

On June 11, 2017, Mr. Rybinski claims he was injured during the course and scope of his employment on board the M/V TURRITELLA.

VII.

After the alleged incident, Mr. Rybinski received medical treatment aboard the M/V TURRITELLA by a medic. The medic released Mr. Rybinski to return to work the same day without restrictions. Mr. Rybinski completed the remainder of his 28-day hitch aboard the M/V TURRITELLA.

VIII.

After finishing his hitch aboard the M/V TURRITELLA, Mr. Rybinski began treating for back pain with primary care physicians in New Hampshire. Mr. Rybinski underwent conservative treatment for back pain, including physical therapy.

IX.

On August 23, 2017, Mr. Rybinski underwent a lumbar MRI. The MRI revealed only mild degenerative changes in lumbar discs.

X.

On July 9, 2018, Mr. Rybinski began treating with pain medicine specialist Dr. David Dent in New Hampshire. Mr. Rybinski continued to complain of low back pain. Dr. Dent

recommended Mr. Rybinski undergo lumbar facet blocks at the L4-5 and L5-S1 facet joint levels. If the facet blocks are successful, Dr. Dent recommends Mr. Rybinski undergo a radiofrequency ablation at the same L4-5 and L5-S1 medial branches.

XI.

Sometime after the June 11, 2017 alleged accident, Mr. Rybinski retained counsel and was represented by Thomas M. Bond, Esq. of the law firm The Kaplan/Bond Group, 21 Merchants Row, Suite 3A, Boston, Massachusetts, 02109. On August 27, 2018, Alliance Marine Services was advised by Thomas Bond, Esq. that he no longer represents Mr. Rybinski. At the time of this filing, Alliance Marine Services has not been contacted by any attorney claiming to represent Mr. Rybinski.

XII.

Upon the receipt of Mr. Rybinski's cure demand for lumbar facet blocks and possible radiofrequency ablations at L4-5 and L5-S1, Alliance Marine Services requested Mr. Rybinski undergo an Independent Medical Examination ("IME").  Alliance Marine Services requested Mr. Rybinski attend an IME with Dr. Eisleroh, orthopedic surgeon, in Baton Rouge, LA and offered to pay travel expenses.  Alternatively, Alliance Marine Services offered, by way of compromise, to schedule and coordinate an IME with Dr. Michael W. Groff, neurosurgeon, in New Hampshire, with the option of another IME in the venue if suit is filed. However, Mr. Rybinski refused to attend an IME in Louisiana or New Hampshire. (See Ex. A-*in globo*, email exchange between Mr. Rybinski and Alliance Marine Service's adjuster, Pat Aucoin dated August 31, 2018, September 6, 2018, September 26, 2018 and October 2, 2018 along with August 27, 2018 email from Mr. Rybinski's prior counsel (Thomas M. Bond, Esq.) advising he no longer represents Mr. Rybinski.

3

XIII.

To date, Alliance Marine Services has paid all outstanding cure, apart from Mr. Rybinski's demand for lumbar facet blocks and possible radiofrequency ablations at L4-5 and L5-S1 due to the invasive nature of these procedures. Furthermore, Alliance Marine Services has paid Mr. Rybinski maintenance since the June 11, 2017 alleged accident at a rate of $40 a day.

XIV.

As Mr. Rybinski's Jones Act employer, Alliance Marine Services has the obligation and right to investigate Mr. Rybinski's entitlement to maintenance and cure benefits pursuant to the general maritime law. In accordance with its obligation and rights, Alliance Marine Services requested Mr. Rybinski submit to an IME prior to undergoing lumbar facet blocks and possible radiofrequency ablations at L4-5 and L5-S1 due to the invasive nature of these procedures.

XV.

An IME is necessary as Mr. Rybinski's medical condition is pertinent evidence to his claim for maintenance and cure.  His condition may be materially modified, altered, and/or destroyed if he undergoes an invasive procedure such as facet blocks and possible radiofrequency ablations before Alliance Marine Services is afforded an IME. This potential spoliation of evidence will be prejudicial to Alliance Marine Services.

XVI.

Since Mr. Rybinski refuses to attend an IME, there is an actual controversy between Alliance Marine Services and Mr. Rybinski which requires immediate resolution by this Honorable Court.

XVII.

Alliance Marine Services is entitled to declaratory relief to resolve this actual controversy regarding Mr. Rybinski's right to cure benefits and whether Alliance Marine Services is entitled to an IME before Mr. Rybinski undergoes invasive facet blocks and possible radiofrequency ablations to properly determine the nature and extent of cure required for Mr. Rybinski.

XVII.

Alliance Marine Services requests an immediate decision concerning this obligation to avoid potential liability. Alliance Marine Services has no adequate remedy at law whereby the relief sought can be obtained.

**WHEREFORE**, Alliance Marine Services, L.P. prays for judgment in its favor and against Douglas Rybinski declaring that Douglas Rybinski must submit to an Independent Medical Examination before undergoing lumbar facet blocks and possible radiofrequency ablations and for all general and equitable relief to which Alliance Marine Services, L.P. is otherwise entitled.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

_____
**KELLEY A. SEVIN T.A. (#25871)**
**ELTON F. DUNCAN III, (#14967)**
**P. SINNOTT MARTIN (#37218)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: ksevin@duncansevin.com
E-Mail: eduncan@duncansevin.com
E-Mail: smartin@duncansevin.com
Attorneys for Plaintiff, Alliance Marine Services, L.P.

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 18th day of October, 2018.

_Kelley A. Sevin_

_____